1IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY COX                                                                                                PLAINTIFF
*As attorney-in-fact for Kenneth Harris*

v.                                            Civil No. 6:16-cv-06086

COURTYARD GARDENS HEALTH AND
REHABILITATION, LLC et al.                                                              DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Compel Arbitration. ECF No. 13. This Motion was filed on November 11, 2016. *Id.* Plaintiff has not responded to this Motion, and the time to respond has expired. *See* Local Rule 7.2(b). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1.     Background[1]:**

On October 15, 2015, Kenneth Harris was admitted as a resident of Courtyard Gardens Health and Rehabilitation in Arkadelphia, Arkansas. At the time of his admission, his wife, Sue Harris, signed an "Admission Agreement" and an "Arbitration Agreement." Sue Harris executed both agreements as a "Responsible Party," which both agreements define as "an agent, some other individual, or family member who agrees to assist the Facility in providing for the Resident's

---

[1]Because Plaintiff did not file a response, the background is taken from the docket in this case and Defendants' Motion.

admission, health care, payment, maintenance, and discharge." Sue Harris acknowledged in the Admission Agreement that she "is a necessary party to this Agreement, and is contractually bound by its terms." Sue Harris likewise acknowledged that signing the Arbitration Agreement as a "Responsible Party" "affects his or her individual rights." Finally, the Admission Agreement contemplates the execution of a separate Arbitration Agreement, and Sue Harris agreed that "upon execution," the Arbitration Agreement "becomes part of the Admission Agreement."

The Arbitration Agreement provides that "any and all claims, disputes, and controversies . . . arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration." It further defines it scope as follows:

> This agreement to arbitrate includes, but is not limited to, any claim for payment, nonpayment, or refund for services rendered to the Resident by the Facility, violations of any right granted to the Resident by law or by the Admission Agreement, breach of contract, fraud or misrepresentation, negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care or safety standards.

Plaintiff, as attorney-in-fact of Kenneth Harris, filed the Complaint in this action on July 11, 2016, and Defendants subsequently removed it to this Court. Plaintiff's Complaint asserts claims against Defendants for negligence, medical malpractice, breach of contract, and violations of various statutes. Plaintiff has specifically sued for breach of the Admission Agreement. Based upon these facts, Defendants filed this Motion to Compel Arbitration. ECF No. 13. Plaintiff did not respond, and the time to respond has expired. *See* Local Rule 7.2(b).

2. **Discussion:**

Plaintiff never responded to Defendants' Motion. Accordingly, Plaintiff does not claim the Arbitration Agreement is at all unconscionable, Plaintiff does not assert Defendants are unable to

compel arbitration, and Plaintiff does not claim the Arbitration Agreement is unenforceable in any other way. Accordingly, because Plaintiff has not given the Court any indication of his position on this issue, the Court will generally consider whether to enforce the Arbitration Agreement.

As a "matter of public policy, arbitration is strongly favored in Arkansas" because it offers a "less expensive and more expeditious means of settling litigation and relieving docket congestion." *Courtyard Gardens Health and Rehab., LLC v. Arnold,* 2016 Ark. 62, 6, 485 S.W.3d 669, 673 (2016). The Federal Arbitration Act ("FAA")–which governs the arbitration agreement' at issue in this case–requires the application of "federal substantive law regarding arbitration." *Id.* Included within that substantive law is a "liberal federal policy favoring arbitration" that mirrors Arkansas's own policy. *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011).

To serve that policy, the FAA requires courts to "rigorously enforce agreements to arbitrate" according to their terms. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985). The Court should compel claims subject to an arbitration agreement to arbitration "as quickly and easily as possible." *Amer. Ins. Co. v. Cazort,* 316 Ark. 314, 320, 871 S.W.2d 575, 578 (1994). Moreover, "any doubts and ambiguities of coverage will be resolved in favor of arbitration." *Courtyard Gardens,* 2016 Ark. at 6, 485 S.W.3d at 673.

Accordingly, based upon the facts in this case, considering the applicable law, and considering the fact there appears to be no basis for not enforcing the Arbitration Agreement in this matter, the Court finds the Arbitration Agreement should be enforced, and Plaintiff should be compelled to arbitrate this matter.

**3.      Conclusion**

Accordingly, based upon the foregoing, this Court recommends Defendants' Motion to

Compel Arbitration (ECF No. 13) be **GRANTED.**  It is further recommended, pursuant to FAA § 5, that the Court order the Parties to select a mutually agreeable arbitrator, submitting the proposed arbitrator to the Court within thirty (30) days for appointment.  In the event the Parties are unable to agree on a proposed arbitrator, the Court should order the Parties to each submit a list of proposed arbitrators and should then appoint an arbitrator from those lists.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 12th day of December 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE