IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY COX, as attorney-in-fact for
Kenneth Harris                                                                                    PLAINTIFF

v.                                            No. 6:16-CV-06086

COURTYARD GARDENS HEALTH AND
REHABILITATION, LLC; ARKANSAS SNF
OPERATIONS ACQUISITION, LLC; and
ARKANSAS NURSING HOME ACQUISITION, LLC                        DEFENDANTS

## ORDER

The Court has received a report and recommendations (Doc. 15) from Chief United States Magistrate Judge Barry A. Bryant. No objections have been filed and the time for objections has passed. The Magistrate Judge recommends that the Court grant Defendants' motion (Doc 13) to compel arbitration. The Magistrate Judge further recommends that the Court order the parties to select a mutually agreeable arbitrator, or if no agreement can be had, to make a list of proposed arbitrators, and to submit that information to the Court within 30 days for appointment.

The Court has carefully reviewed the report and recommendations. With respect to the Magistrate Judge's recommendation that the motion to compel arbitration be granted, the Court finds no clear error and is mostly in agreement. However, the motion to compel arbitration also asks the Court to stay the action pending resolution of that arbitration. Where, as here, all claims in the lawsuit are subject to the arbitration agreement, the Court may dismiss the action. *See Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011) (holding that under a judicially-created exception to section 3 of the Federal Arbitration Act, a court may, in its discretion, dismiss an action in favor of arbitration where it is clear that the entire controversy will be resolved by arbitration); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-

1

10 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).  Therefore, the motion will be granted in part.  Arbitration will be compelled, but the case will then be dismissed rather than stayed.

With respect to the Magistrate Judge's recommendation the Court appoint an arbitrator pursuant to section 5 of the Federal Arbitration Act, the Court will decline to adopt that portion of the report and recommendations.  The Court should only make such an appointment where the arbitration agreement provides no method, a party fails to avail itself of a method provided by the agreement, or for any other reason there is a lapse in the naming of an arbitrator.  9 U.S.C. § 5.  The arbitration agreement in this case provides that binding and final arbitration shall be conducted in accordance with the National Arbitration Forum Code of Procedure, which is incorporated into the agreement.  (Doc. 13-2, p. 1).  The Court is familiar with and takes judicial notice of the version of that code of procedure as it was promulgated on August 1, 2008.[1]  As the website in the arbitration agreement does not provide a more recent version, it appears to the Court that the 2008 version is still in effect.  Rule 21 of that code of procedure provides a method for selecting an arbitrator, which method does not involve the Court, but instead involves the "Forum" (primarily defined in Rule 1.S of the code as the National Arbitration Forum).  Accordingly, it is the Court's interpretation of the agreement that by compelling the parties to engage in arbitration pursuant to the agreement, the Court need not select an arbitrator because the parties will do so early in the course of the arbitration.

IT IS THEREFORE ORDERED that the report and recommendations (Doc. 15) is

---

[1] The website identified in the arbitration agreement does not make the code of procedure readily available.  The 2008 version of the code of procedure is available online at http://www.adrforum.com/rcontrol/resources/Arbitration/ CodeofProcedure2008-print2.pdf.

2

ADOPTED IN PART, as set forth above.

IT IS FURTHER ORDERED that Defendants' motion to compel arbitration (Doc. 13) is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED insofar as the parties are ordered to engage in binding resolution pursuant to the arbitration agreement (Doc. 13-2).  The motion is DENIED insofar as this case will not be stayed.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 28th day of December, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE